IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ODELL DOBBS,
No. 06678-090,

Petitioner,

v.                                              Case No. 17–cv–00065-DRH

T.G. WERLICH,

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Odell Dobbs, a federal prisoner incarcerated at FCI-Greenville, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging the validity his 2008 sentence, imposed by the United States District Court for the Western District of Wisconsin, for possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The Petition is premised on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases provides that, upon preliminary review by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action.

Petitioner pleaded guilty to distribution of crack, 21 U.S.C. § 841(a)(1), and was sentenced to 262 months' imprisonment.  *U.S. v. Dobbs*, 333 Fed. Appx. 126, 127 (7th Cir. 2009) (unpublished).  Based on two prior felony convictions, one for delivery of cocaine and the second for aggravated battery to a police officer, Petitioner was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a).  *Id.*  Petitioner's predicate controlled substance offense was premised on a 2002 Illinois conviction for unlawful delivery of cocaine in violation of 720 ILCS 520/401.  (Doc. 1, p. 2).  *See also Dobbs v. U.S.* No. 3:10-cv-584 (W.D. Wisc.) (Doc. 3, p. 3).  Petitioner's conviction and sentence were affirmed on appeal.  *U.S. v. Dobbs*, 333 Fed. Appx. 126, 127 (7th Cir. 2009) (unpublished).  Petitioner has previously filed a motion under 28 U.S.C. § 2255.  *See Dobbs v. U.S.* No. 3:10-cv-584-BBC (W.D. of Wisc. 2010).[1]  That petition, alleging ineffective assistance of counsel, was dismissed by the Western District of Wisconsin and the Seventh Circuit denied issuance of a Certificate of Appealability.  *Id.*

The instant § 2241 petition challenges the validity of Petitioner's sentence after *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Petitioner contends that under *Mathis* he no longer qualifies as a career offender.  Specifically, Petitioner

---

[1]   In September 2011, Petitioner filed an additional Section 2255 petition in the W.D. of Wisconsin.  *Dobbs v. U.S.* No. 3:11-cv-00663-BBC (W.D. Wisc. 2011).  The Court directed Petitioner to clarify whether he was seeking reconsideration of his prior dismissal or attempting to pursue a Section 2241 petition.  Petitioner failed to respond.  Accordingly, the action was dismissed without prejudice for failure to prosecute.  *Id.* Doc. 8.

argues that his Illinois conviction for delivery of cocaine no longer counts as a qualified predicate offense for career offender purposes.

Petitioner is challenging the validity of the sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement.");  *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).  He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause").

In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  *Id*. at 611.  A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed

a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

The instant Petition meets the first requirement. *See Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United* States, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The Petition also meets the second requirement. As noted above, the Seventh Circuit has indicated that *Mathis* is a substantive rule. *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The Court, however, cannot ascertain whether the third requirement is met. In *Mathis*, the Supreme Court held that Iowa's burglary statute did not qualify as a predicate violent felony under the Armed Career Criminal Act ("ACCA") because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii). Thus, *Mathis* focused on what constitutes a prior violent felony under the ACCA. Petitioner was sentenced under the Career Offender portion of the Sentencing Guidelines. The Guidelines' definition of a prior "crime of violence" parallels the

definition of "violent felony" under the ACCA.  U.S.S.G. § 4B1.2(a).  However, at issue here, is the definition of "controlled substance offense" found in § 4B1.2(b).  Determining whether a prior conviction for a controlled substance offense is a qualifying predicate offense under Sentencing Guideline § 4B1.2(b) does not seem to require comparing the elements of the offense with any "generic" controlled substance offense.

Considering the above, the Court is inclined to find that *Mathis* does not invalidate Plaintiff's predicate controlled substance offense.  If *Mathis* does not invalidate Plaintiff's predicate controlled substance offense, there is no grave error constituting a miscarriage of justice and the Petition must be dismissed.  However, at this stage in the litigation, the Court finds it prudent to allow Petitioner's claim to proceed.  That is, during its initial review, the Court declines to find that Petitioner's *Mathis* claim is without merit.  Therefore, the Court **ORDERS** respondent Werlich to file a response to the Petition.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.06 12:53:34 -06'00'

**UNITED STATES DISTRICT JUDGE**