IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ODELL DOBBS, #06678-090, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 17-cv-65-CJP[1] |
| | ) |
| T.G. WERLICH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

Petitioner Odell Dobbs filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Respondent filed a response at Doc. 16. Petitioner filed a reply at Doc. 19.

## Relevant Facts and Procedural History

Dobbs pleaded guilty to a charge of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in the United States District Court for the Western District of Wisconsin. *United States v. Dobbs*, 333 F. App'x 126, 127 (7th Cir. 2009). On November 19, 2008, he was sentenced to 262 months imprisonment. *United States v. Dobbs*, No. 8-cr-102-bbc (W.D. Wisc. Nov. 19, 2008), Doc. 40.

At sentencing, the court determined that petitioner qualified as a career

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 12.

offender. *Id.* at Doc. 48, p. 14. This was based on two prior convictions under Illinois law. He had a 2002 conviction for delivery of cocaine in violation of 720 ILCS 570/401(C)(2), and a 2005 conviction for aggravated battery of a police officer in violation of 720 ILCS 5/12-4(b)(6). His advisory sentencing range was 262 to 327 months. *Id.* at p. 15.

Petitioner filed a direct appeal. His attorney filed an *Anders* brief. The Seventh Circuit affirmed. *United States v. Dobbs*, 333 F. App'x 126, 127 (7th Cir. 2009). Petitioner filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel, but it was dismissed, and the Seventh Circuit did not issue a certificate of appealability. *Dobbs. v. United States*, No. 3:10-cv-584-BBC (W.D. Wisc. 2010).

## Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him.

A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of

the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental

3

defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## **Analysis**

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), petitioner argues that his prior conviction for an drug offense under Illinois law no longer qualifies as a controlled substance offense for purposes of the career offender enhancement. The merits of petitioner's argument are questionable, at best. The Seventh Circuit has held that a conviction for violating 720 ILCS 570/401 qualifies as a controlled substance offense for purposes of the career offender enhancement:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017). *Redden* is binding precedent for this court.

However, the court need not decide the merits of petitioner's argument because he cannot bring a *Mathis* claim in a § 2241 petition. There are some claims that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented*

4

*on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2008, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

## Conclusion

For the foregoing reasons, Odell Dobbs' Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

**s/ CLIFFORD J. PROUD**
**United States Magistrate Judge**

**Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).