# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ODELL DOBBS, No. 06678-090, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) Case No. 17-cv-065-CJP[1] |
| | ) |
| T. G. WERLICH, | ) ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on Petitioner Odell Dobbs' "Motion for Reconsideration and or Permission to File a Supplemental Brief" (Doc. 33), filed on October 19, 2018.

On September 21, 2018, this Court denied Dobbs' Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2241 and entered Judgment for the Respondent. (Docs. 25, 26). On October 5, 2018, Dobbs filed his Notice of Appeal (Doc. 27), which transferred jurisdiction of this matter to the United States Court of Appeals, Seventh Circuit, before Dobbs filed the instant motion.

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However,

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). *See* Doc. 12.

under Federal Rule of Civil Procedure 62.1(a), "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." FED. R. CIV. P. 62.1(a). While Dobbs filed his notice of appeal prior to filing the instant motion, the motion was filed within the 28-day time limit for a motion to alter or amend a judgment brought under Federal Rule of Civil Procedure 59(e). A "motion to reconsider" does not technically exist under the Federal Rules of Civil Procedure, but such motions are generally treated either as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Accordingly, the Court construes the motion as having been brought under Rule 59(e), and finds that it has authority to address the motion within the confines of Rule 62.1(a), and it shall be denied. *See also* FED. R. APP. P. 4(a)(4).

Dobbs' motion, while titled in the alternative as a "Motion for Reconsideration," does not explicitly request this Court to reconsider the order and/or judgment denying habeas relief and dismissing the case. (Doc. 33, pp. 1-2). It does not address any aspect of the Court's dismissal order, but merely reiterates Dobbs' arguments in favor of granting habeas relief, presenting additional citations (which could have been included in the original Petition or reply), and restates his request that his sentence should be remanded. This is not persuasive. Rule 59(e) motions are not appropriate vehicles to rehash previously rejected arguments. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Rule 59(e) permits a court to amend a judgment only if the movant

demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available, *see, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007), and Dobbs has made no such showing. Upon reconsideration, the Court remains convinced that its ruling dismissing the habeas petition is correct.

As to Dobbs' alternative request for relief – for "Permission to file a Supplemental Brief," (Doc. 33, p. 1) – the Court presumes that Dobbs' "supplemental" argument is the material he presents in the body of the motion. Dobbs did not submit any additional brief or other document along with his motion. The motion itself is now part of the record; however, the Court will not consider it as a "supplemental brief," because the case has already been dismissed and judgment entered. Dobbs is free to submit to the Seventh Circuit any arguments he wishes to present, in the context of his pending appeal.

In summary, applying the factors in Rule 62.1(a), there is no reason to defer consideration of Dobbs' motion, the motion does not raise any substantial issue, and the Court would not grant the motion if the appellate court were to remand the matter. Accordingly, Dobbs' Motion for Reconsideration and or Permission to File a Supplemental Brief (Doc. 33) is **DENIED** pursuant to Federal Rule of Civil Procedure 62.1(a).

**IT IS SO ORDERED.**

**DATE: October 22, 2018**

s/ CLIFFORD J. PROUD
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
